UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALDO REYES and VICKI REYES,

       Plaintiffs,

v.

Case No. 05-72795
Hon. Gerald E. Rosen

SUGAR BUSH PRINTING, INC.,
MARK PARENT, and DENNIS KRAUSE,

       Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____November 4, 2005_____

PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

Plaintiffs Aldo and Vicki Reyes commenced this suit in this Court on July 15, 2005, alleging that Mr. Reyes' former employer, Defendant Sugar Bush Printing, Inc., wrongfully terminated him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and in violation of Michigan public policy.[1]  Plaintiff's Title VII claim rests principally upon the allegation that he was retaliated against, and ultimately terminated, for violating his employer's instruction not to hire African-Americans.

---

[1] Plaintiff Vicki Reyes has asserted a state-law claim of loss of consortium. Because this claim is entirely derivative of the claims advanced by Mr. Reyes, the Court will refer to Mr. Reyes as the sole "Plaintiff" throughout the balance of this opinion.

By motion filed on August 29, 2005, Defendants now seek the dismissal of this suit for lack of subject matter jurisdiction. In support of this motion, Defendants contend that Sugar Bush Printing lacks the requisite number of employees to qualify as an "employer" under Title VII. Plaintiff has not responded to this motion, and the time for such a response has long since passed. See Eastern District Local Rule 7.1(d)(1)(B). For the reasons set forth briefly below, the Court finds that Defendants' unopposed motion should be granted and this case dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, Plaintiff Aldo Reyes was hired by Defendant Sugar Bush Printing in February of 1999 as a journeyman pressman. He subsequently was promoted to the position of production manager, but then was demoted back to the position of journeyman pressman in 2001. Plaintiff's employment with Sugar Bush Printing was terminated on May 26, 2004.

As shown in the exhibits accompanying Defendants' motion, Plaintiff filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 28, 2005. On April 18, 2005, the EEOC notified Plaintiff that his charge of discrimination had been dismissed because Sugar Bush Printing "employs less than the required number of employees or is not otherwise covered by" the pertinent federal antidiscrimination statutes. (See Defendants' Motion, Ex. 2.) The EEOC further notified Plaintiff of his right to sue within ninety days, and this suit followed on July 15,

2005.[2] Defendants now seek the dismissal of this action on the ground that Sugar Bush Printing is not an "employer" within the meaning of Title VII.

## II.  ANALYSIS

Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).[3] In support of the present motion, Defendants argue that Plaintiff's former employer, Defendant Sugar Bush Printing, does not have the requisite number of employees to trigger "employer" status under this provision. The Court readily agrees, in light of the undisputed record on this point.

The sole evidence in the record on this subject is contained in the affidavit of Susan Parent, who identifies herself as an officer and shareholder of Sugar Bush Printing and as the keeper of the company's personnel and payroll records. (See Defendants' Motion, Ex. 4, Susan Parent Aff. at ¶¶ 1, 3.) Ms. Parent states: (i) that Sugar Bush

---

[2]The record indicates that Plaintiff also commenced a state court action on this same date, asserting a number of state-law claims — including claims of retaliatory discharge and discharge in violation of public policy — against the same Defendants named in the present suit.

[3]The Sixth Circuit has construed the "agent" language of this provision as intended to incorporate respondeat superior liability into Title VII, as opposed to authorizing the imposition of individual liability upon supervisory employees as agents of their employer. See Wathen v. General Electric Co., 115 F.3d 400, 405-06 (6th Cir. 1997). While Defendants do not address the point in their motion, it seems evident from Wathen that the individual Defendants, Mark Parent and Dennis Krause, are not subject to individual liability under Plaintiff's Title VII theory of recovery. Accordingly, the Court need only determine, for present purposes, whether Defendant Sugar Bush Printing qualifies as an "employer" under Title VII.

Printing employed only 11 employees on the date of Plaintiff's termination, May 26, 2004; and (ii) that her review of the company's quarterly federal tax returns for 2004 disclosed "that Sugar Bush Printing, Inc. typically employed between 8 and 12 employees" during this period.  (Id. at ¶¶ 8, 9.)  Ms. Parent further states that she provided similar information to the EEOC in March of 2005 in connection with Plaintiff's charge of discrimination, with the result that this charge was dismissed by the EEOC on the ground that the company employed less than the required number of employees or was not otherwise subject to the dictates of Title VII.  (See id. at ¶¶ 10, 11.)[4]

While this affidavit falls somewhat short of providing all of the information necessary to determine "employer" status under Title VII, the Court nonetheless concludes that dismissal is appropriate.  As indicated, the Title VII definition of an "employer" is triggered by the employment of the threshold 15 employees "for each working day in each of twenty or more calendar weeks in the current *or preceding* calendar year."  42 U.S.C. § 2000e(b) (emphasis added).  Ms. Parent's affidavit, unfortunately, addresses only the number of persons employed by Sugar Bush Printing in 2004, and is utterly silent as to the number of company employees during the preceding calendar year of 2003.  Yet, Defendants expressly assert in their motion that "the company did not employ the requisite number of employees" to sustain Plaintiff's claim

---

[4]Ms. Parent refers in her affidavit to certain exhibits reflecting her correspondence with the EEOC, but no such exhibits accompany her affidavit.  Nonetheless, Ms. Parent's assertions stand unrefuted in the record, in light of Plaintiff's failure to respond in any fashion to Defendants' motion.

under Title VII, (Defendants' Motion, Br. in Support at 2), and Plaintiff has utterly failed to challenge this assertion or suggest that Ms. Parent's statements might be incorrect as to some relevant time period. Accordingly, the Court finds that Defendants' unopposed motion to dismiss should be granted.[5]

### III. CONCLUSION

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' August 29, 2005 Motion to Dismiss is GRANTED.

                                                           s/Gerald E. Rosen
                                                           Gerald E. Rosen
                                                           United States District Judge

Dated:   November 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2005 by electronic and/or ordinary mail.

                                                           s/LaShawn R. Saulsberry
                                                           Case Manager

---

[5] In light of the dismissal of the sole federal claim asserted in Plaintiff's complaint, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, see 28 U.S.C. § 1367(c)(3), particularly where it appears that Plaintiff has asserted these same claims in a pending state court action. Finally, while Defendants' motion also seeks the imposition of sanctions under Fed. R. Civ. P. 11, such an award is precluded by virtue of Defendants' evident failure to comply with the "safe harbor" provision of the Rule by serving their motion upon Plaintiff at least 21 days before filing it with the Court. See Fed. R. Civ. P. 11(c)(1)(A); see also Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997).